Ryan C. Squire SBN 199473
rsquire@garrett-tully.com
Zi C. Lin, SBN 23689
zlin@garrett-tully.com
GARRETT & TULLY, P.C.
225 S. Lake Avenue, Suite 1400
Pasadena, CA 91101-4869
Telephone: (626) 577-9500
Facsimile: (626) 577-0813

Attorneys for Defendant
First American Title Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITY SERVICE FEDERAL CREDIT UNION,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN TITLE COMPANY, a California Corporation; RINDLESBACH FAMILY, LLC, a Utah Limited Liability Company,<br><br>Defendants. | CASE NO. CV10-04824 SJO (VBKX)<br>**(Before the Hon. S. James Otero)**<br><br>**AMENDED PROTECTIVE ORDER**<br><br>Action Filed: June 29, 2010<br>Trial Date:     October 12, 2011 |

## PROTECTIVE ORDER

Pursuant to the Stipulation between plaintiff Security Service Federal Credit Union ("Plaintiff") and defendant First American Title Company ("Defendant"), and good cause existing for the issuance of a protective order under Fed. R. Civ. P. 26(c), as Plaintiff and Defendant seek discovery of private, privileged, proprietary and confidential information from each other and from third parties, including, without limitation, escrow and loans files which contain private and confidential third party information.

IT IS ORDERED that the following protections be adopted for purposes of discovery in this action:

1. The term "Discovery Materials" all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2. The term "Confidential Materials" means all Discovery Materials which a Producing Party reasonably believes are eligible for protection under Fed. R. Civ. P. 26(c). All confidential Materials shall be marked or otherwise designated as "CONFIDENTIAL" prior to their production by a Producing Party.

3. The term "Highly Confidential Materials" means all discovery materials which a Producing Party reasonably believes are eligible for additional protection beyond Confidential Materials. Highly Confidential Materials are documents, materials and information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm to the Producing Party that could not be avoided by less restrictive means. All Highly Confidential Materials shall be marked or otherwise designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior to their production by a Producing Party.

4. The term "Protected Materials" means materials designated as Confidential Materials or Highly Confidential Materials.

5. The term "Producing Party" means the parties to this Stipulation who produce any Confidential Materials or Highly Confidential Materials in this action and any third parties who agree to be bound by the term of this Stipulation. The term "Producing Party" does not include third parties to this lawsuit who have not agreed to be bound by this Stipulation.

6. The terms "Qualified Person" includes those parties, attorneys, legal assistants, clerical and secretarial personnel, consultants, expert witnesses, shareholders, and present or former employees of any Receiving Person whose employment assignments entail, in whole or in part, responsibility for this action and

[PROPOSED] AMENDED PROTECTIVE ORDER

those court personnel and court reporters directly involved in this action ("Court Personnel") and any outside independent reproduction firm rendering reproduction services in this action.

7. The term "Receiving Person" means any person or entity who receives any Confidential Materials or Highly Confidential Materials in connection with this action.

8. Confidential Materials are to be disclosed by the Receiving Person only to Qualified Persons. Confidential Materials shall include not only materials designated "CONFIDENTIAL" but also (1) any information copied or extracted from Confidential Materials; (2) any descriptions, oral or written, of the contents of the Confidential Materials; (3) all copies, excerpts, summaries, or compilations of Confidential Materials; and (4) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Materials. Any use of Confidential Materials at trial shall be governed by a separate agreement or order. Confidential Materials shall be maintained in a manner reasonably designed to avoid any disclosure which is contrary to this Protective Order, and shall not be disclosed to any individuals other than Qualified Persons, except as permitted by this Protective Order or further order of the Court.

9. (a) Highly Confidential Materials are to be disclosed only to the Receiving Party's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation and who have agreed in writing to be bound by the terms of this Protective Order and to Court Personnel. Except as set forth below, the information in Highly Confidential Material shall not be disclosed in any manner to any other party to the action or any non-party. Highly Confidential Materials shall include not only materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" but also (1) any information copied or extracted from Highly

Confidential Materials; (2) any descriptions, oral or written, of the contents of Highly Confidential Materials; (3) all copies, excerpts, summaries, or compilations of Highly Confidential Materials; and (4) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Highly Confidential Materials. Any use of Highly Confidential Materials at trial shall be governed by a separate agreement or order.  Highly Confidential Materials shall be diligently maintained by the person receiving them in a manner to avoid disclosure to any other person, except as permitted by this Protective Order or by further order of the Court.

(b) Unless otherwise ordered by the court or agreed to in advance in writing by the Producing Party, Highly Confidential Materials may only be disclosed to house counsel for the Receiving Party where such counsel (1) has no involvement in competitive decision-making, (2) disclosure is reasonably necessary for this litigation, (3) has agreed in writing to be bound by this Protective Order, and (4) as to whom the following procedures have been followed:

Prior to any disclosure to house counsel, the Receiving Party must make a written request to the Producing Party that (a) identifies the Highly Confidential Materials that the Receiving Party seeks permission to disclose to the house counsel, (b) sets forth the full name of the person to whom it intends to disclose the materials and the and the city and state of his or her residence and (c) describes the house counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if house counsel is involved, or may become involved, in any competitive decision-making.

(c) Unless otherwise ordered by the court or agreed to in writing by the Producing Party, Highly Confidential Materials may only be disclosed to experts for the Receiving Party where (1) the disclosure is reasonably necessary for purposes of this litigation, (2) the expert has agreed in writing to be bound by this Protective Order, and (3) the following procedures have been followed:

4

Prior to the disclosure to an expert, the Receiving Party must make a written request to the Producing Party that (a) identifies the Highly Confidential Materials that the Receiving Party seeks permission to disclose to the expert, (b) sets forth the full name of the expert and the city and state of his or her primary residence, (c) attaches a copy of the expert's current resume, (d) identifies the expert's current employer(s), (e) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (f) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(d) A Receiving Party that makes a request and provides the information specified in the preceding respective paragraphs to the Producing Party must not disclose the subject Highly Confidential Materials to the identified house counsel or expert for at least fourteen (14) days after the delivery of the request. If in that fourteen (14) day period, the Producing Party sends a written objection to the requested disclosure to the Receiving Party, then the Highly Confidential Materials shall not be disclosed to the identified house counsel or expert. Said objection shall set forth in detail the grounds on which it is based.

(e) A Receiving Party that receives a timely written objection must meet and confer with the Producing Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Receiving Party seeking to make the disclosure to house counsel or the expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to so disclose. Any such motion must describe the circumstances with

1  specificity, set forth in detail the reasons why disclosure to house counsel or the expert
2  is reasonably necessary, assess the risk of harm that the disclosure would entail, and
3  suggest any additional means that could be used to reduce that risk.  In addition, any
4  such motion must be accompanied by a competent declaration describing the parties'
5  efforts to resolve the matter by agreement (i.e., the extent and the content of the meet
6  and confer discussions) and setting forth the reasons advanced by the Producing Party
7  for its refusal to approve the disclosure. The burden of persuasion in any such motion
8  shall be on the Producing Party.

9           (f)     The parties agree that the document entitled "Purchase and Assumption
10 Agreement" shall be treated as follows:

11              (i)    The redacted version of the Purchase and Assumption Agreement,
12 Bates stamped PLTF 00001-00036, which First American has reviewed, is designated
13 "CONFIDENTIAL" as defined in paragraphs 2 and 8 of this Stipulation.

14              (ii) Security Service opposes the production of the unredacted version of
15 the Purchase and Assumption Agreement on the grounds that it is commercially and
16 competitively sensitive, and that the redacted portions of that document are not
17 "relevant to any party's claim or defense" in this litigation or relevant to the subject
18 matter of this litigation.  However, if the unredacted version of the Purchase and
19 Assumption Agreement is produced in this litigation, pursuant to court order
20 stipulation of the parties or otherwise it shall be designated as "HIGHLY
21 CONFIDENTIAL – ATTORNEY EYES ONLY."   it shall be limited to "Attorney's
22 eyes only" review.  In the case of the Purchase and Assumption Agreement this means
23 that information in or concerning the unredacted version of the Purchase and
24 Assumption Agreement shall be disclosed only to the Receiving Party's outside
25 counsel of record in this action, as well as employees of said outside counsel of record
26 to whom it is reasonably necessary to disclose the information for this litigation and
27 who have agreed in writing to be bound by the terms of this Protective Order and to
28

Court Personnel.

(iii) Any filing of the redacted and unredacted Purchase and Assumption Agreement with the Court shall be subject to paragraph 13, below.

(iv) Any use of the redacted and unredacted Purchase and Assumption Agreement at deposition shall be subject to paragraphs 14 and 15, below, except that, with respect to paragraph 14, the unredacted version of the Purchase and Assumption Agreement may only be used at the depositions of the authors and recipients of that document, and may not be used at any other depositions.

10. Each Producing Party that designates documents, information or materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must take care to limit any such designation to specific materials that qualify under the appropriate standards. The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of the Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Producing Party to sanctions, including monetary sanctions for reasonable attorneys fees and costs incurred by a party bringing a motion as a result of a designation that is clearly unjustified.

If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection, that Producing Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

11. Protected Materials may not be used for any purpose other than this

1  action.  Protected Materials may not be used for purposes of any other action or for
2  any business or other purposes.  Receiving Persons shall not make copies of Protected
3  Materials, except for purposes of this action.

4        12.    Qualified Person(s) not a party to this action shall not receive or use
5  Confidential Materials unless and until each such individual, except for Court
6  Personnel, has agreed in writing to be bound by this Order.  Each Receiving Person is
7  responsible for obtaining and maintaining the signed agreements from each Qualified
8  Person who receives or uses any of the Confidential Materials.

9        13.    Without the advance written permission from the Producing Party or a
10 Court order granting permission, a Party may not file in the public record in this
11 action any Protected Materials.  A Party that seeks to file under seal any Protected
12 Materials must comply with Civil Local Rule 79-5. Protected Materials may only be
13 filed under seal pursuant to a Court order authorizing the sealing of the specific
14 Protected Material at issue.  If a Receiving Party's request to file Protected Materials
15 under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the
16 Receiving Party may file the information in the public record, unless otherwise
17 instructed by the Court.   In the case of Highly Confidential Materials, a party must
18 give fourteen (14) days advance notice of its intent to apply to the Court to file any
19 Highly Confidential Materials under seal.  Failure to give such notice may be a basis
20 for denial of the application to file such materials under seal.

21       14.    The parties may use Confidential Materials at depositions in this action.
22 If the deponent or the attorney for the deponent is not subject to this Order, the
23 deponent and/or his/her/its attorney shall be provided a copy of this Order and shall be
24 requested to agree in writing to be bound by the Order.  Absent Court order or the
25 advance written consent of the Producing Party, Highly Confidential Materials may
26 NOT be used at depositions in this action, except at the depositions of (a) any person
27 expressly identified in the Highly Confidential Materials, and (b) a person who
28

1  authored, sent or received the Highly Confidential Materials, who is deposed in this
2  action or called as a witness at trial in this action.

3  15.  In the event that Protected Materials are used in a deposition, the party
4  asserting such confidentiality shall indicate the confidential nature of the particular
5  information comprising the Protected Materials at the time of the deposition or within
6  10 days after the transcript is prepared.  The court reporter shall make reasonable
7  efforts to segregate and bind separately any such confidential portions of transcript or
8  exhibits which portion shall bear the following notation on the face of the envelope
9  only:

RESTRICTED

THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL

INFORMATION SUBJECT TO A PROTECTIVE ORDER IN

SECURITY SERVICE FEDERAL CREDIT UNION V. FIRST AMERICAN

TITLE INSURANCE COMPANY, ET AL., CIVIL ACTION NO. CV10-04824 SJO

(VBKX)

"CONFIDENTIAL" LABELED PORTIONS OF THIS

TRANSCRIPT AND ANY ATTACHED DOCUMENTS MARKED

"CONFIDENTIAL" MAY NOT BE DISCLOSED TO ANY PERSON

OTHER THAN QUALIFIED PERSONS, AS SET FORTH IN

THE PROTECTIVE ORDER.

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" LABELED

PORTIONS OF THIS TRANSCRIPT AND ANY ATTACHED

DOCUMENTS MARKED "CONFIDENTIAL" MAY NOT BE DISCLOSED

TO ANY PERSON OTHER THAN

ATTORNEYS OF RECORD IN THIS ACTION WHO HAVE STIPULATED

TO THE PROTECTIVE ORDER, OR AS

OTHERWISE SET FORTH IN THE PROTECTIVE ORDER.

Case 2:10-cv-04824-SJO-VBK   Document 35   Filed 03/23/11   Page 10 of 14   Page ID #:315

16. This Protective Order shall not apply to any documents, information or materials which are available through the public domain. Documents, information and materials available through the public domain include those documents or materials which may be obtained through the media, unrestricted government records, or other public records or files. This Order shall not apply to any documents, information or materials known to or possessed by the Receiving Party prior to the disclosure or obtained from some source other than the Producing Party.

17. Any party may apply to this Court for relief from the terms of the Order with respect to any particular documents or information. Nothing in this Order prevents any parties in applying to the Court for a change or modification of any or all parts of this Order.

18. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under the Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to agree in writing to the terms of the Protective Order.

19. After the final disposition of this action, including any appeals and writs, counsel of record for the parties shall keep (or destroy) any Protected Materials in a matter consistent with this Order. All Receiving Persons who are experts, consultants, witnesses, or other persons or entities other than counsel of record for the parties in this action shall, at the option of the Producing Party, return all Protected Materials to such Producing Party or destroy such Protected Materials and confirm such destruction to the Producing Party provided any Protected Materials bearing notations or other marginalia of a Receiving Person may be destroyed and not returned at the option of the Receiving Person. Whether the Protected Materials are returned or

10

[PROPOSED] AMENDED PROTECTIVE ORDER

destroyed, the Receiving Party must submit a written certification to the Producing Party, within 60 days of the final disposition of this action, that (1) identifies all the Protected Materials that were returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Materials. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Materials. Any such archival copies that contain or constitute Protected Materials remain subject to this Protective Order

20. This Order is entered for the purpose of facilitating the exchange of information among the parties and non-parties to this litigation. Nothing in this Order shall be construed to alter the confidentiality or nonconfidentiality of any Discovery Materials.

21. By stipulating to the entry of the Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in the Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

22. Any party who disputes the designation of any Discovery Materials as Protected Material may dispute that designation at any time, by notifying all other parties hereto in writing that the designation is disputed. The Producing Party and party disputing the designation shall meet and confer regarding the designation within seven (7) days after the date that the disputing party's notice is sent, and if the Producing Party still refuses to withdraw the designation from the disputed Discovery Materials, the disputing party may move the Court to remove the designation from the

disputed Discovery Materials.  The burden of persuasion in any such motion shall be on the Producing Party.

      23.   This Protective Order shall survive the termination of this action and the Court shall retain jurisdiction to enforce or modify its terms.

      GOOD CAUSE APPEARING, IT IS SO ORDERED.

Dated: March 23, 2011

                                    _____/s/_____
                                    Hon. Victor B. Kenton
                                    United States Magistrate Judge

[PROPOSED] AMENDED PROTECTIVE ORDER

CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 11, 2011.

   /s/ Melissa M. Vasquez
Melissa M. Vasquez
Garrett & Tully, APC
225 So. Lake Avenue, Suite
Pasadena, CA 91101
Telephone: (626) 577-9500
Facsimile:   (626) 577-0813
Email: zlin@garrett-tully.com

**MANUAL NOTICE LIST**

Rachel M. Dollar
Smith Dollar PC
404 Medocino Ave., 2nd FL
Santa Rosa, CA 95401


Mark L. Rindlesbach
Rindlesbach Family, LLC
2489 East Haven Lane
Holladay, UT 84117

[PROPOSED] AMENDED PROTECTIVE ORDER